UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JULIE BROWN** and **KAYLA MOLASKI,**
Individually and as Representatives
of a Class of Individuals
Similarly Situated,

      Plaintiffs,

    -vs-                   Case No.:
                               HON:

**GOOGLE, INC.,**
A Delaware Corporation

      Defendant,

---

**STEVEN T. BUDAJ, P.C.**
      By Steven T. Budaj (P-30154)
Paul M. Hughes (P-36421)
Donald J. Andrews (P-48501)
Attorneys for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330
E-Mail: stbudaj@counsel.cc
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
### (Injunctive Relief and Damages Sought)

Plaintiffs, JULIE BROWN and KAYLA MOLASKI, on behalf of themselves and others similarly situated, hereby bring this action against Defendant, Google, Inc., (hereafter "Google") and allege as follows:

### INTRODUCTION

1. Cellular phones using the Google Android Operating System are secretly recording and storing comprehensive details of all their owners' movements. According to security experts, the extensive location data is hidden from users but unencrypted,

making it easy for Google or third parties to later access.

2. Users of products using the Google Android Operating System have no way to prevent Google from collecting this information because even if users disable the Android GPS components, Google's tracking system remains functional.

## PARTIES

3. Plaintiff, JULIE BROWN, is a resident of Oakland County, Michigan, who at all relevant times has owned an HTC Inspire 4G phone with the Google Android Operating System and carried it with her everywhere.

4. Plaintiff, KAYLA MOLASKI, is a resident of Oakland County, Michigan, who at all relevant times has owned an HTC Inspire 4G phone with the Google Android Operating System and carried it with her everywhere.

5. Defendant Google, Inc. is a Delaware corporation with its principal place of business in California.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2). The amount in controversy between the Class as defined herein and the Defendant exceeds $5,000,000.00, exclusive of interest and costs. The Class as defined herein consists of individuals from fifty different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiffs are residents of this district, many of the acts and transactions giving rise to this action occurred in this

district, and because Google:

    A.   is authorized to conduct business in this district and has availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    B.   does substantial business in this district; and

    C.   is subject to personal jurisdiction in this district.

## GOOGLE'S PRIVACY VIOLATIONS

8. All Android Operating System phones log, record and store users' locations based on latitude and longitude alongside a timestamp and unique device ID attached to each specific phone. The phones store this information in a file located on the phone. Google intentionally began recording this information with the release of its Android operating system. Google uses cell-tower triangulation and/or alternatively, Google may use global positioning system (GPS) data to obtain a users location.

9. Cellular phones using Google's Android Operating System obtain tracking information every few seconds and download the user location data and unique device ID attached to each specific phone to Google computers on a regular basis several times every hour. The data is unencrypted while being transmitted and while on the mobile devices.

10. Users of cellular phones using Google's Android Operating System, including Plaintiffs, were unaware of Google's extensive tracking of their locations and did not knowingly consent to such tracking.

11. Google's Terms of Service do not disclose its comprehensive tracking of users nor its use of a unique device ID attached to each specific phone. Google only discloses that it is seeking permission to obtain location information from its Android Operating System cell phone users. Plaintiffs and other users did not provide any sort of informed consent to the extensive tracking at issue in this case.

12. Google collects the location information covertly, surreptitiously and in violations of law.

13. Google tracks users' locations on its own, separate, apart and in addition to the information it collects in conjunction with other businesses that develop applications for Google's devices. This action is not about the applications' collection of information on users; rather, it is specifically in objection to Google's own collection of user location information.

14. Cellular phones using Google's Android Operating System are carried with users to essentially every location they travel, making the information collected by Google highly personal; indeed, in many instances it may be information to which employers and spouses are not privy and to which Plaintiffs and other members of the class would wish to remain private.

15. The accessibility of the unencrypted information collected by Google places users at serious risk of privacy invasions, including stalking.

16. Plaintiffs and proposed Class members were harmed by

Google's accrual of personal location, movement and travel histories because their cellular phones were used in ways they did not approve, and because they were personally tracked just as if by a tracking device for which a court-ordered warrant would ordinarily be required.

17. Plaintiffs bring this action to stop Google's illegal and intrusive scheme of collecting personal location information.

18. Plaintiffs seek an injunction requiring Google to disable such tracking in its next-released operating system for the relevant devices.

19. Plaintiffs also seek damages for violations of their statutory and common law privacy rights.

## CLASS ACTION ALLEGATIONS

20. The Plaintiffs bring this action on behalf of themselves and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

> All persons in the United States who purchased, owned or carried around an Android Operating System phone between the release of those products for sale by Google and others and the present. Excluded from the Class are those who purchased the products for resale; members of the federal judiciary and their relatives; and Defendant's officers, directors and employees.

21. While the exact number of Class members is unknown to the Plaintiffs at this time, there are millions of members of the proposed Class, as approximately 10 million people are activating Google Android Operating System phones on a monthly basis. The Class is so numerous that joinder of all members of the Class is

impracticable.

22. This action involves questions of fact common to all Class members because all Class members purchased, own or use Google Android phones under uniform Google privacy policies.

23. This action involves question of law common to all Class members because:

> A. The Computer Fraud and Abuse Act, violated here, is national in scope and applies to all prospective Class members;
>
> B. Each state has enacted laws comparable to the Federal Trade Commission Act which provide private causes of action with sufficient uniformity that Google's standardized practices of collecting location information violated the acts of each state in the same way; and
>
> C. Google's privacy invasions have violated Plaintiffs' and Class members' common law rights in uniform ways.

24. Plaintiffs' claims are typical of those of other members of the Class as there are no material differences in the facts and law underlying the claims of Plaintiffs and the Class and by prosecuting their claims Plaintiffs will advance the claims of Class members.

25. The common questions of law and fact among all Class members predominate over any issues affecting individual members of the Class, including but not limited to:

> A. whether Google obtained and stored Plaintiffs' location information;
>
> B. whether Google failed to disclose material terms in its privacy policy regarding its collection of users' location information;
>
> C. whether Google has or intends to market or otherwise exploit users' location information;

D.   whether the alleged conduct constitutes violations of the laws asserted herein;

E.   whether Plaintiffs and Class members are entitled to declaratory and injunctive relief;

F.   whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

G.   whether Plaintiffs and Class members have sustained consequential loss, and to what measure; and

H.   whether Google's acts and omissions warrant punitive damages.

26. Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs have retained counsel competent and experienced in the prosecution of this type of litigation.

27. The questions of law and fact common to the Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

28. Class treatment of the claims set forth herein is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between Class members and Google, and inconsistent treatment and adjudication of the claims would likely result.

29. The litigation and trial of Plaintiffs' claims is manageable. Google's standardized "Terms and Conditions" at issue,

Google's uniform deployment of operating systems that track each user in identical ways, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

30. Google has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief are appropriate.

31. Unless a class-wide injunction is issued, Google will continue to commit the violations alleged, and the members of the Class will continue to be tracked, unlawfully surveilled, and potentially endangered.

32. Google has acted and refused to act on grounds generally applicable to the Class, making appropriate injunctive relief with respect to the Class as a whole.

33. Google's acts and omissions are the direct and proximate cause of damage as described in the following Counts:

### COUNT I
**(Injunction and Declaration)**

34. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

35. Plaintiffs, JULIE BROWN and KAYLA MOLASKI, purchased, own, use and carry with them an HTC Inspire cellular phone with Google's Android Operating System and have done so at all times relevant to this action.

36. Plaintiffs relied on the terms of Google's privacy policy, which did not explain the pervasive location tracking that Google intended to undertake and did undertake.

37. Google knew that ordinary consumers acting reasonably would not understand the Google privacy policy to include the extensive location tracking at issue in this case.

38. Irreparable injury has resulted and continues to result from Google's unauthorized comprehensive tracking of millions of Americans. Once Plaintiffs began carrying their cellular phones using Google's Android Operating System, Google began tracking their locations. This has happened in the past and continues to happen all across the United States. It is unconscionable to allow Google to continue unlawfully and without proper consent to extensive tracking of Plaintiffs and proposed Class members. If Google wanted to track the whereabouts of each of its products' users, it should have obtained specific, particularized informed consent such that Google consumers across America would not have been shocked and alarmed to learn of Google's practices in recent days.

39. Inadequate remedy at law exists because users of Google's Android Operating System have to no way to prevent Google from collecting this information because even if users disable the GPS components, Google's tracking system remains functional.

40. Balance of the hardships favors Plaintiffs and the Class because it is easier for Google to stop unlawfully tracking every move of Americans than it is for individual consumers to circumvent

Google's sophisticated tracking programs. To require that Plaintiffs and the Class bear the consequences of Google's deceptive privacy policy and unlawful acquisition of personal location information would be inequitable.

41. The public has an interest in being able to travel without being tracked. The public interest would not be disserved, and indeed would be advanced, by entering injunctions against Defendant. See *eBay, Inc*. v. *MercExchange, LLC*, 547 U.S. 388 (2006).

42. The injunction should require Google to reconfigure its software so that users' personal location information is neither collected, nor synced to the Google computers.

<u>**COUNT II**</u>
**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

43. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

44. By secretly installing software that records users' every moves Google has accessed Plaintiffs' cellular phones, which are computers, in the course of interstate commerce or communication, in excess of the authorization provided by Plaintiffs as described in the Computer Fraud and Abuse Act (the "Fraud Act") 18 U.S.C. § 1030(a)(2)©.

45. Plaintiffs' cellular phones and those of the Class, are protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

46. Google further violated the Fraud Act by causing the transmission of a program, information, code or command – both

10

in deploying the Android operating systems, and also as a result of the syncing of user handheld devices with Google's computers - and as a result caused harm aggregating at least $5,000 in value.

47. Google's actions were knowing or reckless and, as described above, caused harm to Plaintiffs and proposed Class members.

48. Plaintiffs seek recovery for this loss, as well as injunctive and declaratory relief to prevent future harm.

<u>**COUNT III**</u>
**(Unfair or Deceptive Acts in Violation of Each State's Laws)**

49. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth herein.

50. This cause of action is brought by Plaintiffs JULIE BROWN and KAYLA MOLASKI pursuant to Michigan's Michigan's Consumer Protection Act. MCL §§ 445.901 et seq.

51. This cause of action is brought on behalf of Class members pursuant to each state's unfair or deceptive acts and practices (UDAP) statutes. The Act of each state follows the Federal Trade Commission Act and provides for a private cause of action.

52. Plaintiffs and Class members are consumers as defined under these Acts.

53. The FTC Act prohibits an act or practice that violates either the standards for "unfairness," or those for "deception" - the two are independent of each other. An act or practice may be found to be unfair where it "causes or is likely to cause substantial injury

to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n). An act or practice is deceptive if it is likely to mislead a consumer acting reasonably under the circumstances.

54. Google's inadequate disclosures made in its privacy policy were both unfair and deceptive.

55. Google's tracking and obtaining of Plaintiffs and other users' personal information was both unfair and deceptive because Google's users had no knowledge of Google's intent or actions.

56. The Consumer Protection Acts of Michigan and the other states substantially follow the FTC Act.

57. Google's privacy policy contained deceptive misrepresentations that are material and are likely to and did deceive ordinary consumers acting reasonably, including the Plaintiffs, into believing that their every move would not be tracked by Google and then stored for future use in an Google-designed database.

58. Google's omission of its true intent to track users was material to terms and conditions under which Plaintiffs and Class members purchased their cellular phones with the Google Android Operating System. An act or practice is material if it is likely to affect a consumer's decision regarding the product. Plaintiffs and other users would not have purchased Google Android Operating System products and indeed would have purchased the products of a competitor

had they known that their every movement would be tracked and recorded.

59. Here, Google specifically omitted from its privacy policy any indication that extensive tracking would occur on products using their operating system, knowing that such disclosure would prevent consumers from consummating their purchases.

60. Michigan's Act declares the acts and omissions of Google to be unlawful.

61. Google's practices have caused substantial injury to Plaintiffs and Class members by depriving them of money they would have spent elsewhere and by covertly delivering software that tracks users' every movements.

62. Google's unfair omissions injure both consumers and competition. Consumers are injured in all the ways that Plaintiffs have been injured, as described throughout this complaint, and competition suffers in several ways too: (1) honest companies that do not covertly track their customers' locations have lost and continue to lose market share to products using Google's Android Operating System; (2) Google is rewarded for its deceit with billions of dollars in revenues (which should all be disgorged); and (3) competitors behaving deceptively creates a "race to the bottom", wherein additional companies feel economic pressure to similarly track users's whereabouts to later sell and thereby avoid losing further market share in the rapidly growing and competitive market for precise consumer demographic, location and

other data. There are no countervailing benefits of Google's conduct: not to consumers, nor to competition.

63. Google violated and continues to violate the Acts of each state by engaging in the trade practices described above, that has caused and continues to cause substantial injury to consumers, which are not reasonably avoidable by the consumers themselves, in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the cellular phones with the Google Android Operating System.

64. There were reasonable alternatives available to further Google's legitimate business interests, other than the conduct described herein. Google, for example, could have abstained from tracking the exact locations of users of its products. Google also could have required a single sentence disclosure describing its rampant covert tracking of individual users' locations to be signed by purchasers - rather than or in addition to it's confusing, ambiguous and lengthy privacy terms and conditions.

65. Google's act of tracking its users is misleading in a material way because Google fails to disclose, or even hint at, the full extent of its comprehensive user location tracking in the Google privacy policy terms and conditions. Google's acts have a broad impact on consumers at large because Google's inadequate disclosures, coupled with its unlawful tracking continue to impact prospective purchasers.

66. Plaintiffs and Class members have suffered injury as a

result of Google's deceptive acts and omissions because Plaintiffs would have not bought Google devices had they known that they would be tracked.

67. Plaintiffs have suffered injury as a direct and proximate result of Google's deceptive acts, practices and omissions. Injury includes Plaintiffs' purchases of their devices using Google's Android Operating System. Actual injury to Plaintiffs also includes the collection of their private location information and the continued existence of databases of that same information - databases that are unencrypted and potentially accessible to the public.

68. Google willfully and knowingly violated Michigan's Michigan's Consumer Protection Act and is therefore subject to three times the actual damages suffered by Plaintiffs and the Class.

69. Google deceived Plaintiffs and consumers, and treated them unfairly by tracking their movements as described above, and violated the Acts of each state by omitting from its privacy policy the full extent of its tracking:

A.  Alabama's Deceptive Trade Practices Act. Ala. Code § § 8-19-1 et seq.;

B.  Alaska's Unfair Trade Practices and Consumer Protection Act. Alaska Stat. §§ 44.50.471 et seq.;

C.  Arizona's Consumer Fraud Act. Ariz. Rev. Stat. §§ 44-1521 et seq.;

D.  Arkansas's Deceptive Trade Practices Act. Ark. Code §§ 4-88-10 I et seq.;

E.  California's Consumer Legal Remedies Act, and also the Unfair Competition Law. Cal Civ. Code §§ 1750 et seq., and Cal. Bus. & Prof. Code §§ 17200 et seq., respectively;

F.   Colorado's Consumer Protection Act. Colo. Rev. Stat. §§ 6-1-101 et seq.;

G.   Connecticut's Unfair Trade Practices Act. Conn. Gen. Stat. §§ 42- II0a et seq.;

H.   Delaware's Consumer Fraud Act, and also its Uniform Deceptive Trade Practices Act. Del. Code, Title 6 §§ 2511-2571, 2580-2584, and Title 6 §§ 2531-2536, respectively;

I.   District of Columbia's Act. D.C. Code §§ 28-3901 et seq.;

J.   Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. §§ 501.201 et seq.;

K.   Georgia's Uniform Deceptive Trade Practices Act, and also the Fair Business Practices Act. Ga. Code §§ 10-1-370 et seq., and §§ 10-1- 390 et seq.;

L.   Hawaii's Uniform Deceptive Trade Practices Act. Haw. Rev. Stat. §§ 480-24 et seq., §§ 484A-I et seq.;

M.   Idaho's Consumer Protection Act. Idaho Code §§ 48-601 et seq.;

N.   Illinois's Consumer Fraud and Deceptive Business Practices Act, and also its Uniform Deceptive Trade Practices Act. 815 Ill. Compo Stat. 50511 et seq., and 815 Ill. Compo Stat. 510/1 et seq.;

O.   Indiana's Deceptive Consumer Sales Act. Ind. Code §§ 24-5-0.5-1 et seq.;

P.   Iowa's Act. Iowa Code §§ 714.16 et seq.;

Q.   Kansas's Consumer Protection Act. Kan. Stat. §§ 50-623 et seq., 50- 676 et seq.;

R.   Louisiana's Unfair Trade Practices and Consumer Protection Law. La. Rev. Stat. §§ 51:1401 etseq.;

S.   Maine's Unfair Trade Practices Act, and also its Uniform Deceptive Trade Practices Act. Me. Rev. Stat., Title 5 §§ 205-A et seq., and Title 10 §§ 1211 et seq., respectively;

T.   Maryland's Consumer Protection Act. Md. Code Com.

16

Law §§ 13- 101 et seq.;

U.  Massachusetts's Consumer Protection Act. Mass. Gen. Laws ch. 93A §§ I et seq.;

V.  Michigan's Consumer Protection Act. Mich. Comp Laws §§ 445.901 et seq.;

W.  Minnesota's Uniform Trade Practices Act, and its False Statement in Advertising Act, and also its Prevention of Consumer Fraud Act. Minn. Stat. §§ 8.31, 325D.43 et seq., and §§325F.68 et seq.;

X.  Mississippi's Consumer Protection Act. Miss. Code §§ 75-24-1 et seq.;

Y.  Missouri's Merchandising Practices Act. Mo. Rev. Stat. §§ 407.010 et seq.;

Z.  Montana's Unfair Trade Practices and Consumer Protection Act. Mont. Code §§ 30-14-101 et seq.;

AA.  Nebraska's Consumer Protection Act, and also its Uniform Deceptive Trade Practices Act. Neb. Rev. Stat. §§ 59-160 I  et seq., and §§ 87-301 et seq.;

BB.  Nevada's Trade Regulation and Practices Act. Nev. Rev. Stat. §§ 598.0903 et seq., and § 41.6000;

CC.  New Hampshire's Consumer Protection Act. N.H. Rev. Stat. §§ 358-A: I  et seq.;

DD.  New Jersey's Consumer Fraud Act. N.J. Stat. §§ 56:8-1 et seq.;

EE.  New Mexico's Unfair Practices Act. N.M. Stat. §§ 57-12-1 et seq.;

FF.  New York's Act. N.Y. Exec. Law § 63(12), N.Y. Gen. Bus. Law §§ 349 et seq.;

GG.  North Carolina's Act. N.C. Gen. Stat. §§ 75-1.1 et seq.;

HH.  North Dakota's Consumer Fraud Act. N.D. Cent. Code §§ 51-15-01 et seq.;

II.  Ohio's Consumer Sales Practices Act, and also its Deceptive Trade Practices Act. Ohio Rev. Code §§ 1345.01 et seq., and §§ 4165.01 et seq.;

17

JJ.   Oklahoma's Consumer Protection Act, and also its Deceptive Trade Practices Act. Okla. Stat., Title 15 §§ 751 et seq., Title 78 §§ 51 et seq., respectively;

KK.   Oregon's Unlawful Trade Practices Law. Or. Rev. Stat. §§ 646.605 et seq.;

LL.   Pennsylvania's Unfair Trade Practices and Consumer Protection Law. 73 Pa. Stat. §§ 201-1 et seq.;

MM.   Rhode Island's Unfair Trade Practices and Consumer Protection Act. GenLaws §§ 6-13.1-1 et seq.;

NN.   South Carolina's Unfair Trade Practices Act. S.C. Code §§ 39-5-10 et seq.;

OO.   South Dakota's Deceptive Trade Practices and Consumer Protection Law. S.D. Cod. Laws §§ 37-24-1 et seq.;

PP.   Tennessee's Consumer Protection Act. Tenn. Code §§ 47-18-101 et seq.;

QQ.   Texas's Deceptive Trade Practices - Consumer Protection Act. Tex. Bus. & Com. Code §§ 17.41 et seq.;

RR.   Utah's Unfair Practices Act, and its Consumer Sales Practices Act, and also its Truth in Advertising Act. Utah Code §§ 13-2-1 et seq., 13-5-1 et seq., and §§ 13-11-1 et seq., and also §§ 13-1 la-I et seq., respectively;

SS.   Vermont's Consumer Fraud Act. Vt. Stat., Title 9 §§ 2451 et seq.;

TT.   Virginia's Consumer Protection Act. Va. Code §§ 59.1-196 et seq.;

UU.   Washington's Consumer Protection Act. Wash. Rev. Code §§ 19.86.010 et seq.;

VV.   West Virginia's Consumer Credit and Protection Act. W. Va. Code §§ 46A-6-101 et seq.;

WW.   Wisconsin's Deceptive Trade Practices Act. Wis. Stat. §§ 100.18 et seq.;

XX.   Wyoming's Consumer Protection Act. Wyo. Stat. §§ 40-

12-101 et seq.; and

YY.  the equivalent and applicable laws in the other
     remaining U.S. territories.

70. Google is liable for attorney's fees and reasonable costs if Plaintiffs and Class members prevail.

71. Plaintiffs also seek punitive damages.

72. Plaintiffs seek a declaratory judgment.

73. Violations of the relevant computer laws, both federal and state, also serve as a predicate for violations of these UDAP laws.

74. Plaintiffs and the Class reserve the right to allege other violations oflaw which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

### COUNT IV
### (Fraudulent, Intentional Misrepresentation)

75. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth herein.

76. Google represented to Plaintiffs and Class members that it would not collect information about their every movement and location, and omitted disclosing this to Plaintiffs.

77. Google not only knew that its privacy terms and conditions policy was, and continues to be, false, deceptive and untrue, by omitting that Google will track users, but Google also intended for Plaintiffs and Class members to rely on its deceptive statements.

78. Google's fraud is comprised both the omissions of proper disclosures to its users and to its illegal tracking of their movements.

79. Plaintiffs and Class members did not know about Google's omissions.

80. Plaintiffs and Class members did not know that Google has been extensively tracking their movements.

81. Plaintiffs and Class members, acting as ordinary consumers, reasonably relied on Google's representations. Plaintiffs had a right to rely on Google's representations. Plaintiffs and Class members' reliance on Google's omissions was a substantial factor in causing their harm. Google's tracking of users was and is material, and Plaintiffs and Class members reasonably believed that their every movement would not be tracked.

82. Plaintiffs and Class members were damaged in the amount of money paid to purchase products with Google's Android Operating System.

83. Plaintiffs and the Class seek punitive damages from Google.

84. Google had and continues to have a duty of good faith, which implicitly includes a duty not to deceive consumers, and also not to conduct this sort of covert digital surveillance on consumers.

## COUNT V
### (Negligent Misrepresentation)

85. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth herein.

86. Google omitted a material fact - that purchasers would be tracked at all times - during its sale of cellular phones with the Android Operating Systems.

87. Google was negligent in making the omission because it should have known that whether their every movements would be tracked, recorded and stored for later use was material to consumers.

88. Google, in making that omission intended, or expected, that Plaintiffs and Class members would rely on the omission.

89. Plaintiffs justifiably relied on Google's omissions about its tracking of purchasers, and would not have purchased products using Google's Android Operating System but for the omission. Plaintiffs were damaged in amounts equal to the price they paid for their products using Google's Android Operating System.

90. Google's omissions were material and directly and proximately caused ordinary consumers acting reasonably, Plaintiffs and Class members included, to buy the phones with Android Operating System products. Without Google's omissions of its covert intentions, the products would not have been purchased, and Plaintiffs would not have suffered damages.

91. Plaintiffs seek punitive damages from Google.

## **PRAYER FOR RELIEF**

92. WHEREFORE Plaintiffs pray for judgment against Google as follows:

A. For an order certifying the Class defined herein, appointing undersigned counsel as Class Counsel, approving Plaintiffs as Class representatives, and requiring that notice be provided to the Class at Google's expense, pursuant to Fed. R. Civ. P. 23;

B. For declaratory and injunctive relief, including enjoining Google from continuing to omit its true intentions about tracking purchasers of its

products, and requiring Google to stop tracking its products' users;

C.  For judgment on behalf of the Class as defined herein for an amount to adequately compensate them for damages described herein in excess of $50,000,000.00;

D.  For exemplary, treble or punitive damages;

E.  For reasonable attorneys' fees and costs; and

F.  For such other and further relief as this Court deems equitable or just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all issues so triable against Google.

Respectfully Submitted,

by s/Steven T. Budaj
**STEVEN T. BUDAJ, P.C.**
    By Steven T. Budaj (P-30154)
Paul M. Hughes (P-36421)
Donald J. Andrews (P-48501)
stbudaj@counsel.cc
Attorneys for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330

Dated:  April 27, 2011